IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH MACKIE, )
)
    *Plaintiff,* )
v. )    NO. 3:07-00027
)    JUDGE HAYNES
ELECTROLUX MANUFACTURING )
COMPANY, )
)
    *Defendant.* )

## M E M O R A N D U M

Plaintiff, Kenneth Mackie, a Tennessee citizen, originally filed this pro se action in the Chancery Court in Robertson County, Tennessee against the Defendant Electrolux Manufacturing Company. Plaintiff's claims are that the Defendant wrongfully terminated him for not following safety rules and that in its discharge of him, the Defendant acted with favoritism. The Defendant removed the action to this Court and filed a motion to dismiss for failure to state a claim (Docket Entry No. 5), but the Court granted Plaintiff leave to file an amended complaint. (Docket Entry No. 14).

Before the Court are the Defendant's motion to dismiss Plaintiff's amended complaint (Docket Entry No. 18) and Plaintiff's motion to dismiss the Defendant's motion to dismiss (Docket Entry No. 20).

Plaintiff filed an amended complaint (Docket Entry No. 17), in which he alleges that on "4/5/98 - riding stretcher in Electrolux while body parts being reconstructed/removed . . . Stakes and needles (IV) rip[p]ing flesh apart. . ." Id. at ¶ 41. In the sixth paragraph of his statement of claim, Plaintiff alleges that in 1997 "raped wife: the children: the children - Electrolux," and in the seventh paragraph of his statement of claim, Plaintiff alleges that Electrolux employees assaulted him in his

father's house in 2001. Id. at 4(6), (7)), and someone slandered someone else in 2005. Id. at ¶ 4(8).

In the second, third, seventh, ninth and tenth paragraphs of Plaintiff's statement of claim, Plaintiff refers to (1) "8/ /05 slipped disk spine"; (2) 9/10/05 internal bleeding; (3) in 2001 he was drug tested; (4) "Genesis Type 1 - AB Hep. Shots"; and (5) "neck injury - whiplash [sic] from hitting head on transfer arm." Id. at ¶ 4(2), (3) (7), (9), (10).

Plaintiff also alleges that Defendant discriminated against him when the Defendants terminated him employment, id. at ¶ 4(4), but does not describe any basis for this alleged discrimination. Plaintiff does not allege that he was discriminated against based upon his membership in a protected group. In his fifth claim, Plaintiff alleges "favoritism - overtime to some employees to learn transfer system. Claimed to have seniority." Id. at ¶ 4(5). In his eighth and eleventh claims, Plaintiff alleges that someone was ridiculed in 2005 and that there was a "set-up." Id. at ¶ 4(8), (11).

For a motion to dismiss for failure to state a claim, the Court must treat all factual allegations as true and award all reasonable inferences from those facts to the Plaintiff. Hishon v., Kind and Spalding, 467 U.S. 69, 73 (1984). The Court is not required to accept as true "non-specific factual allegations and inferences or unwarranted legal conclusions." Hill v. U.S. Supreme Court, 2003 WL 344340 (6th Cir. Feb. 7, 2003). To dismiss the complaint, it must appear beyond doubt that the plaintiff can not prove any set of facts to entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To state a claim for relief, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 328 (6th Cir. 2006) (emphasis original) (quoting In Re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993)).

2

The Court concludes that Plaintiff has not alleged any facts upon which to hold Defendant liable. Plaintiff's "vague and conclusory allegations of misconduct are insufficient to state a claim." Jackson v. Richards Medical Co., 961 F.2d 575 580 (6th Cir. 1992). Plaintiff's amended complaint simply fails to contain either direct or inferential factual allegations respecting all the material elements to sustain recovery under any viable legal theory. Thus, these claims should be dismissed. In re Delorean Motor Co., 991 F.2d at 1240.

In addition, Plaintiff appears to assert personal injury claims. Tennessee has a one year statue of limitations for personal injury claims. Tenn. Code Ann. § 28-3-104(a)(1). Plaintiff filed his original complaint on December 14, 2006. Any claims based on personal injuries accruing one year prior to March 1, 2007, the date of his amended complaint are generally time barred. In his original Complaint, Plaintiff alleged only that Defendant wrongfully terminated him for violating a safety rule and acted with favoritism. Plaintiff filed his Amended Complaint on March 1, 2007.

For an amended complaint, only those claims that relate back to the filing of the original Complaint are timely. Relation back to the date of the original complaint is permitted if the claim in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original complaint. Fed.R.Civ.P. 15(c). Plaintiff's claim in his amended complaint plainly did not arise out of the favoritism or termination claims in Plaintiff's original Complaint. See Lovelace v. O'Hara, 985 F.2d 847, 849-50 (6th Cir. 1993). Thus, the Court concludes that Plaintiff's first, second, third, sixth, and seventh claims are barred by the applicable statute of limitations. Similarly, Plaintiff's claim that sometime in 2005 someone was slandered is also time barred. In Tennessee, slander claims must be brought within six months of the alleged slanderous comment. Tenn. Code Ann. § 28-3-103.

3

Finally, to the extent Plaintiff asserts claims for various workplace injures, Tennessee's worker compensation benefits are his exclusive remedy. Tenn. Code Ann. § 50-6-108; Medraro v. MCDR, Inc., 366 F.Supp. 24 625 (W.D. Tenn. 2005).

For these reasons, the Defendant's motion to dismiss should be granted and the Plaintiff's motion to dismiss the Defendant's motion to dismiss should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the _21st_ day of August, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge

4